# United States Court of Appeals
## For the First Circuit

No. 06-2125

IN RE: GRAND JURY PROCEEDINGS.

ON APPEAL FROM ORDERS OF THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Before

Selya and Howard, <u>Circuit Judges</u>,

and Smith,<sup>*</sup> <u>District Judge</u>.

William W. Fick, Federal Defender Office, with whom Page Kelley was on brief, for appellant.
B. Stephanie Siegmann, Assistant United States Attorney, with whom Michael J. Sullivan, United States Attorney, was on brief for appellee.

November 17, 2006

_____

*Of the District of Rhode Island, sitting by designation.

**HOWARD**, **Circuit Judge**.  The appellant in this case is the chief executive officer and president of a corporation.  Both appellant and the corporation are under investigation by a grand jury.  To preserve the secrecy of the investigation, we shall discuss the relevant facts at a high degree of generality and omit mention of details, procedural and otherwise, that are not relevant to our disposition.  See Fed. R. Crim. P. 6(e).

Appellant, an individual represented by the Federal Defender's Office, challenges district court orders (1) compelling an attorney who represented the corporation (which is no longer in good standing, but which has not formally been dissolved) to answer before the grand jury a number of questions about a conversation between counsel and appellant in his corporate capacity, and (2) denying his motion to intervene as of right under Fed. R. Civ. P. 24(a) to assert the corporation's attorney-client privilege.  The district court's orders are grounded on a finding that appellant, in his corporate capacity, waived the corporation's privilege to bar counsel from answering the questions when he recounted aspects of the conversation in extrajudicial statements made in the news media.  Although appellant does not know the specific questions that the district court has ordered counsel to answer, he brings this appeal to argue that the court erred insofar as it might have directed counsel to provide details about the conversation beyond those disclosed in the media interviews.  See In re Keeper of the

-2-

Records (XYZ Corp.), 348 F.3d 16, 23-26 (1st Cir. 2003) (discussing whether and to what extent waivers of the attorney-client privilege should be inferred from extrajudicial disclosures about privileged attorney-client communications).

We start with appellant's intervention argument, the success of which is a prerequisite to our reaching the merits of the privilege claim. Appellant says that the district court mistakenly failed to appreciate that, in seeking to assert the corporation's privilege, he met the requirements of Rule 24(a), which requires that "the applicant claim[] an interest relating to the property or transaction which is the subject of the action," and that "the applicant [be] so situated that the disposition of the action may as a practical matter impair or impede [his] ability to protect that interest, unless [his] interest is adequately represented by existing parties." The argument has superficial appeal for, as appellant points out, a corporation's chief executive officer and president generally is empowered to invoke the privilege on the corporation's behalf, see Paul R. Rice, Attorney-Client Privilege in the United States, § 4.20 (2d ed. 1999), and "[c]olorable claims of attorney-client privilege qualify as sufficient interests to ground intervention as of right," In re Grand Jury Subpoena (Newparent, Inc.), 274 F.3d 563, 570 (1st Cir. 2001). But there is a fatal problem, overlooked by the parties,

with the _capacity_ in which appellant has sought to assert the corporation's privilege.

Appellant has sought to intervene in this action solely in his _individual_ capacity. As set forth above, appellant is himself under investigation by the grand jury, and he is represented in this matter by the Federal Defender's Office, which must represent _appellant_'s interests, not those of the corporation, and which, in any event, lacks the authority to represent corporate defendants because it is a creature of the Criminal Justice Act, 18 U.S.C. § 3006A. See United States v. Hartsell, 127 F.3d 343, 350 (4th Cir. 1997); United States v. Unimex, Inc., 991 F.2d 546, 550 (9th Cir. 1993); United States v. Rivera, 912 F. Supp. 634, 637-38 (D. P.R. 1996). And, quite clearly, appellant, in his personal capacity, lacks standing to assert the _corporation_'s interest. See, e.g., In re Grand Jury Subpoenas, 144 F.3d 653, 658 (10th Cir. 1998); United States v. Int'l Bhd. of Teamsters, 119 F.3d 210, 215 (2d Cir. 1997) (collecting cases).

To require appellant to assert the privilege in his corporate capacity is not to engage in empty formalism, for to permit an individual corporate officer -- even an individual with authority to act on behalf of the corporation -- to assert the corporation's interests in his personal capacity would be to invite an intolerable conflict of interests. The interests of the corporation and the interests of the individual corporate officer

-4-

frequently diverge where, as here, both are under investigation. In such situations, it might well behoove the corporation to waive the privilege, even though the waiver may damage the individual officer. See generally In re Grand Jury Subpoena (Newparent, Inc.), 274 F.3d at 573. Also, under the circumstances of this case, where appellant's counsel is authorized only to represent appellant in his personal capacity, permitting appellant to assert the corporation's privilege in his personal capacity would give rise to a situation in which the corporation's interests are not represented by authorized counsel. This is impermissible. Cf. Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-03 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").

One final point is worth mentioning. If appellant had made a colorable claim of entitlement to assert privilege because counsel also represented appellant in his personal capacity in connection with the conversation in question, the district court would have been obliged to grant intervention. See In re Grand Jury Subpoena (Newparent, Inc.), 274 F.3d at 570. But appellant has made no such claim. Notwithstanding a few bald assertions made in his filings, below and on appeal, that counsel also represented appellant in his personal capacity, appellant never developed an argument before the district court that he should be entitled to

intervene to assert his own privilege. To the contrary, in the several hearings at which the district court permitted appellant's counsel to appear and argue, the intervention issue consistently was framed in terms of whether appellant could intervene to assert the corporation's privilege. Moreover, in his appellate brief, appellant has neither developed any argument that the district court misapprehended the ground on which he sought intervention nor argued that he could make the demanding showing required for the grant of a motion to quash in his personal capacity. See In re Grand Jury Subpoena (Newparent, Inc.), 274 F.3d at 571-72. We therefore lack any basis for disturbing the district court's denial of appellant's motion to intervene. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

**Appeal dismissed**.